UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
STACY BLAIN, PH.D.,

                Plaintiff,

  -against-

STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER,
VITALY CITOVSKY, RICHARD
GRONOSTAJSKI, FRANK
MIDDLETON, and DAVID
CHRISTINI,

                Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 22-CV-3022-FB-MMH

*Appearances:*
*For the Plaintiff:*
JIM WALDEN
Walden Macht & Haran LLP
250 Vesey Street, 27th Floor
New York, New York 10281

FAITH GAY
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, New York 10104

*For the Defendants*:
CLEMENT J. COLUCCI
Assistant Attorney General
State of New York
28 Liberty Street
New York, New York 10005

**BLOCK, Senior District Judge:**

      Plaintiff Stacy Blain, Ph.D. ("Dr. Blain" or "Plaintiff") has brought claims against Defendant State University of New York's Downstate Medical Center ("SUNY Downstate" or "Defendant") alleging that it discriminated against her on

1

the basis of sex in violation of federal, state, and local law. On January 24, 2023, the Court denied Blain's request for a preliminary injunction. Now, the Court addresses the Defendant's request to file a letter under seal and Dr. Blain's requests to file her own letter under seal and to reopen the record. For the reasons that follow, the Defendant's request to file its letter under seal is granted, Dr. Blain's request to file her letter under seal is granted, and her request to reopen the record is denied.

## I.

Familiarity with the facts and procedural history of this case are assumed and will not be reiterated here. The relevant facts and history relayed in the Court's January 24, 2023 Memorandum and Order ("January 24 Order") are incorporated by reference herein.

Beginning on June 29, the parties presented their arguments relating to Dr. Blain's motion for a preliminary injunction over the course of a three-day hearing. After the preliminary injunction hearing was completed and after the parties submitted their post-hearing briefing to the Court, the parties submitted a series of letter motions petitioning the Court for various relief. The first of these letters to be discussed here was filed by Defendant on November 14, 2022. With this letter motion, Defendant requested that the Court allow it to file under seal a letter apprising the Court of new developments regarding Dr. Blain's research publications and allegations of misconduct, which did not bear on the Court's

2

decision whether to issue a preliminary injunction. Dr. Blain in turn moved on November 28, 2022 to file her own responsive letter motion under seal. Defendant does not oppose this request. In the same letter, Dr. Blain also moves to reopen the record regarding her request for a preliminary injunction.

### a. Defendant's Letter Motion to File Under Seal

The Court first addresses Defendant's November 14 letter motion for sealing. Court filings have a presumption of public access in the interest of furthering transparency: "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *See Lugasch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

This presumption may be overcome when privacy interests outweigh the interest of public access. *See id*. at 120 (stating that after determining the weight of the presumption of public access, the court must consider the countervailing considerations against it, such as the danger of impairing law enforcement actions, judicial efficiency, or privacy interests). Here, the parties' privacy interests greatly outweigh the need for public access to the document Defendant wishes to file under seal.

First, the value to the public of this document is low. The document is a letter apprising the Court of an update in SUNY Downstate's internal processes that concern allegations of research misconduct against Dr. Blain. The letter itself is not a motion and would seek no relief, but merely updates the Court with information that is not material to any decision currently before the Court. *See U.S. v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) (holding that a district court's grant of a motion to seal a filing bearing little weight on the court's Article III functions was proper). So, although there is always a presumption of public access, the weight of that presumption is low if the document in question does not bear heavily on the Court's Article III decision-making functions. *Id*. at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing factor.").

Weighed against the low presumption of access is the parties' strong interest in keeping this document private. Dr. Blain presumably would like to retain the confidentiality of any potential proceeding or any further allegations regarding her research. SUNY Downstate also has an interest in complying with its own policies, which are dictated by federal regulations, and which require SUNY to keep any potential internal proceeding confidential. Here, the privacy interests in filing the letter in question under seal outweigh the presumption of public access and therefore the Defendant's motion to file its letter under seal is granted. *See*

4

*Lugasch*, 435 F.3d 110, 119 (2d Cir. 2006) (holding that a motion to seal may be granted when the presumption for public access is overcome by countervailing privacy interests of the parties).

### b. Plaintiff's Letter Motion to File Under Seal and Reopen the Record

Dr. Blain in turn has moved to file her own responsive letter under seal. Defendant consents. Although the letter that she seeks to file under seal contains a motion and therefore carries a greater presumption of public access than the informational letter discussed above, it addresses the same confidential information that Defendant will file under seal. Therefore, the privacy interests remain great and continue to outweigh the presumption of public access. Accordingly, Dr. Blain's motion to file under seal is granted.

With this letter, Dr. Blain moves to reopen the record concerning her request for a preliminary injunction. SUNY Downstate opposes that motion.

Although the Court has already decided Dr. Blain's motion for a preliminary injunction, it remains within the Court's discretion to reopen the record. *See Ammar v. United States*, 342 F.3d 133, 141 (2d Cir. 2003) ("A motion to reopen the record for the presentation of new evidence is addressed to the sound discretion of the court."). In deciding whether to reopen the record, Courts look to whether the moving party failed to submit evidence due to a lack of its own diligence, the extent to which the nonmoving party might be prejudiced by reopening, and the interests of justice. See Romeo v. Sherry 308 F. Supp. 2d, 128, 138-39 (E.D.N.Y.

5

2004). Courts typically reserve this discretion for the rare occasion in which corrective information must be introduced into the record to avoid reaching a decision based on misleading or mistaken information. *See e.g.*, *DiBella v. Hopkins*, 285 F. Supp. 2d 394, 408 (S.D.N.Y. 2003), *aff'd*, 403 F.3d 102 (2d Cir. 2005) (holding that a trial record could be reopened to correct misleading statements counsel made during summations).

 Dr. Blain alleges that additional developments in evidence since the hearing and the parties' extensive briefing would bear on the Court's decision whether to issue a preliminary injunction. For one, she argues that SUNY Downstate failed to comply with the Court's oral admonishment during the hearing that Defendant should maintain the status quo. This argument is unavailing. The Court did not issue a preliminary injunction guarding the status quo, regardless of what Dr. Blain quotes from the hearing transcript in her letter motion. Dr. Blain argues that the information Defendant brings to the Court's attention in its sealed letter is proof that Defendant did not maintain the status quo. However, the information in that letter concerns new allegations of research misconduct, not those allegations discussed at the hearing. So, even if the Court had ordered a maintenance of the status quo, the Defendant's action would not have violated that order. SUNY Downstate's assessment of any new allegations does not fall within the purview of this Court's jurisdiction.

The proposed evidence with which Dr. Blain would like to supplement the record would not bear on the decision regarding the preliminary injunction reached by the Court, which was based on a lengthy record offered by the parties in extensive briefing and a days-long hearing. It does not correct any misleading or incorrect evidence already presented, so the interests of justice do not support reopening the record to admit this new information. Even if this were evidence related to the Court's decision, it arose after the hearing and extensive briefing, so a proper place to adduce it to the Court would be in a new motion or at trial. Accordingly, the Court declines to reopen the record. Dr. Blain is free to present this new evidence at a subsequent phase of this litigation.

## CONCLUSION

For the foregoing reasons, the defendant's letter motion to seal is **GRANTED**. Dr. Blain's letter motion to file under seal and is **GRANTED** and her motion to reopen the record is **DENIED**.

**SO ORDERED.**

                                            _/S/ Frederic Block_____
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
February 13, 2023