# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
SARA LUZ ESTELA
ANDREW K. JONDAHL
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

December 21, 2023

*Via ECF*

Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      *Re:*    Blain v. State University of New York Downstate Medical Center
              *Case No. 1:22-cv-03022-FB-MMH*

Dear Judge Block:

      This firm represents Dr. Mark Stewart, who the Court dismissed from the above-captioned case in a Memorandum and Order dated December 8, 2023. *See* Dkt. 110. We write briefly to respond to Plaintiff's counsel's surprising claim that Plaintiff has a right to amend her complaint as of course. *See* Dkt. 111 (Dec. 20, 2023 Ltr. from Plaintiff's counsel).

      Under Fed. R. Civ. P 15(a)(1)(B), which Plaintiff claims applies, an amendment as of course must be made within "21 days after service of a motion under Rule 12(b), (e), or (f)." Here, following the November 16, 2023 pre-motion conference, Dr. Stewart moved to dismiss the Amended Complaint under Rule 12(b) on November 22, 2023. *See* Dkt. 105 ("Dr. Stewart respectfully requests that the Court dismiss the claims against him."). The other defendants filed motions to dismiss on November 24, 2023. *See* Dkt. 106, 107. More than 21 days have passed since those motions were filed. Therefore, under Rule 15(a)(1)(B), Plaintiff is foreclosed from amending her complaint for a second time.

      To the extent Plaintiff intends to argue that Defendants' motions did not trigger Rule 15(a)(1)(B)'s time limitation, that argument is meritless and entirely contrary to the Court's efforts to streamline the motion practice in this case. At the pre-motion conference, the Court directed the parties to brief the Defendants' motions to dismiss by letter, with Defendants filing moving letters and Plaintiff filing a responsive letter. The parties followed the Court's direction, the Court held a conference, and then the Court ruled on the motion. The Court employed this procedure to expedite the briefing process so it could resolve the motions quickly. It would hardly be efficient if the motion practice the Court ordered were deemed a nullity for purposes of

applying Rule 15(a)(1)(B) and Plaintiff retained both an opportunity to oppose the motions to dismiss *and* amend her complaint as of right.

Rule 15(a)(1)(B) limits a pleader's time to amend as of right in response to a Rule 12(b) motion in order to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Fed. R. Civ. P. 15 advisory committee's notes to 2009 amendment. Plaintiff could have sought to amend her complaint in response to Dr. Stewart's arguments in favor of dismissal.[1] Instead, she chose to oppose his motion, and the Court ruled in Dr. Stewart's favor. Under Rule 15(a)(1)(B), the consequence of her decision is that she can no longer amend her complaint as of right.

In addition, as Plaintiff acknowledges, she has already amended her complaint once in this case. Courts in this Circuit have held that Rule 15(a)'s plain language—which allows an amendment "once as a matter of course"—does not permit a second amended complaint as a matter of course. *See Davis v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 21-cv-7090, 2023 WL 6150009, at *12 (S.D.N.Y. Aug. 30, 2023); *Adams v. Tops Markets, LLC*, 21-cv-753, 2023 WL 4828029, at *2 (W.D.N.Y. July 7, 2023).

For the foregoing reasons, Dr. Stewart respectfully requests that Plaintiff not be permitted to amend her complaint as a matter of course. Dr. Stewart reserves the right to raise additional arguments in response to any motion Plaintiff may make for leave to amend her complaint.

Respectfully submitted,

*/s/ Samuel Shapiro*
Samuel Shapiro
Sarah Mac Dougall

c: All Counsel of Record via ECF

---

[1] In fact, Plaintiff has been aware of Dr. Stewart's arguments in favor of dismissal since July 26, 2023, when he filed a letter seeking a pre-motion conference. *See* Dkt. 91.