```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
STACY BLAIN, PH.D.,

                Plaintiff,                          MEMORANDUM AND ORDER
                                                    Case No. 22-CV-3022-FB-MMH
     -against-

STATE UNIVERSITY OF NEW
YORK, WAYNE RILEY, HEIDI
ARONIN, DAVID CHRISTINI,
VITALY CITOVSKY, RICHARD
GRONOSTAJSKI, PATRICIA KANE,
FRANK MIDDLETON, SHOSHANA
MILSTEIN, LAURIE READ, DAVID
SCHOENHAUT, MARK STEWART,
AND WILLIAM VERSFELT,

                Defendants.
---------------------------------------------------x
```

*Appearances*:
*For the Plaintiff*:
JIM WALDEN Walden Macht & Haran LLP 250 Vesey Street, 27th Floor
New York, New York 10281

*For Defendant David Schoenhaut*:
NICHOLAS J. EVANOVICH
LaMarche Safranko Law, PLLC 987 New Loudon Road
Cohoes, New York 12047

*For Defendant Mark Stewart*:
SAMUEL SHAPIRO Emery Celli Brinckerhoff & Abady LLP 600 Fifth Avenue, 10th Floor New York, New York 10020

**BLOCK, Senior District Judge:**

Stacy Blain, Ph.D. ("Plaintiff") moves, pursuant to Local Rule 6.3, for reconsideration of the Court's order prohibiting further amendments to the pleadings so that she may cure the factual deficiencies in her Complaint that prompted the Court's dismissal of her claims against Defendants David Schoenhaut and Mark Stewart. She alternatively requests that the Court enter a partial final judgment dismissing Defendants David Schoenhaut and Mark Stewart.

For the following reasons, Plaintiff's motions are both DENIED.

\* \* \*

The crux of Plaintiff's motion is whether she exhausted her right to amend her complaint as a matter of course under Rule 15(a)(1) when she amended her complaint by consent under Rule 15(a)(2). *See Davis v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 21-CV-7090 (PGG) (BCM), 2023 WL 6150009, at *11 (S.D.N.Y. Aug. 30, 2023) (recognizing that "the Second Circuit has not addressed the issue, and there is no consensus on the point among the district courts within our Circuit"). The Court holds that she did. *See Adams v. Tops Markets, LLC*, No. 21-CV-753 (JLS) (HKS), 2023 WL 4828029, at *2 (W.D.N.Y. July 7, 2023) ("In the absence of controlling precedent, the Court concludes that, by filing her first amended complaint pursuant to a stipulation, [Plaintiff's] right to amend as a

2

matter of course under Rule 15(a)(1) was extinguished."). The Court separately declines to reconsider its decision to bar further amendment by leave.

Plaintiff's alternative request to enter partial final judgment is without merit. Permitting a piecemeal appeal here would not "advance the interests of sound judicial administration or efficiency" as "closely related issues remain to be litigated" against the remaining Defendants. *See Novick v. AXA Network, LLC*, 642 F.3d 304, 311, 313 (2d Cir. 2011) (holding that district court abused its discretion in granting motion for partial final judgment).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration and for entry of partial judgment are both DENIED.

**SO ORDERED.**

                                                                          /s/ Frederic Block  
                                                                         FREDERIC BLOCK  
                                                                         Senior United States District Judge

Brooklyn, New York  
June 27, 2024